UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MARK ANTHONY GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-386-TRM-SKL |
| | ) | |
| CCA SILVERDALE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is an application for leave to proceed *in forma pauperis* ("IFP Application") [Doc. 2] filed by Plaintiff Mark Anthony Gibson ("Plaintiff"). In his Complaint [Doc. 1], Plaintiff, who was formerly but is no longer incarcerated, appears to assert violations of his civil rights pursuant to 42 U.S.C. § 1983 based on the conditions of his confinement. On September 29, 2016, the Court issued an Order [Doc. 3], which addressed various deficiencies in Plaintiff's original IFP Application. In that Order, the Court granted Plaintiff 30 days, i.e., until October 31, 2016, to file a sworn supplement to his IFP Application. The Court warned Plaintiff that failure to timely file the requested supplement could result in the denial of his IFP Application.

Plaintiff has failed to comply with the Court's Order and to submit the requested information needed for the Court to make a determination about whether Plaintiff is able to pay the Court's filing fee while still affording the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (finding applicant must establish by affidavit that he cannot pay the filing fee and still be able to provide himself and his dependents "with the

necessities of life"). Accordingly, I **RECOMMEND**[1] that Plaintiff's IFP Application [Doc. 2] be **DENIED** and that he be assessed the filing fee.

                                       s/ *Susan K. Lee*
                                       SUSAN K. LEE
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).